Terraserver.com, Inc. v. Microsoft Corporation, a Washington corporation et al — Doc.

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NO. 4:08-cv-67

| | |
|---|---|
| TERRASERVER.COM INC. ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **COMPLAINT** |
| ) | |
| MICROSOFT CORPORATION, a ) | |
| Delaware corporation and MICROSOFT ) | |
| CORPORATION, a Washington ) | |
| corporation ) | |
| ) | |
| Defendants. ) | |

In this case, Plaintiff and its predecessors in interest created and spent years developing a website allowing users to access satellite imagery of various points on the globe. Plaintiff obtained trademark registrations for the name – Terraserver – of its website and operations. The Defendants have set up a competing website and satellite imagery service that infringes on Plaintiff's registered trademarks and trade dress. As a result, Plaintiff complains of the Defendants as follows:

## THE PARTIES

1. Terraserver.com Inc. ("Terraserver") is a North Carolina corporation, with its principal place of business located in Wake County, North Carolina. Terraserver owns and operates a web based satellite imaging database and the attendant trademarks identified below.

2. Upon information and belief, the first Defendant Microsoft Corporation listed in the caption is a Delaware corporation.

3. Upon information and belief, the second Defendant Microsoft Corporation listed in the caption is a Washington corporation.

4. One of the two Defendants, or both of them, operate a competing satellite imagery website and database that is called "Terraserver-usa.com." It is unclear from the website in question whether it is the Washington-incorporated Microsoft or the Delaware-incorporated Microsoft that actually owns and operates "Terraserver-usa.com." For purposes of this Complaint, and for ease of reading, Plaintiff Terraserver will refer to both Defendants collectively as "Microsoft."

## JURISDICTION AND VENUE

5. This is an action for unfair competition and trademark infringement arising under 15 U.S.C. § 1125(a), and unfair and deceptive trade practices under North Carolina law.

6. There is both diversity and federal question jurisdiction present here. Subject matter jurisdiction and venue in this Court is proper pursuant to 15 U.S.C. §§ 1125(a) as well as the provisions 28 U.S.C. §§ 1331, 1337, 1338 and 1391. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Moreover, pursuant to 28 U.S.C. § 1367 this Court has pendent jurisdiction over the unfair and deceptive trade practices claim arising under the laws of the state of North Carolina since those claims arise from the same core of operative facts as the federal claims.

7. Upon information and belief, Microsoft conducts substantial business in North Carolina such that the exercise of general jurisdiction by this Court over Microsoft is fundamentally fair. Microsoft is ubiquitous in all states in the United States. North Carolina is no different. Microsoft sells computer software here in North Carolina. Microsoft operating systems run vast numbers of computers here in North Carolina. Microsoft, upon information and belief, offers support services here in North Carolina. Moreover, this Court has specific jurisdiction over Microsoft in regards to this action. Microsoft has developed a satellite imaging

website and database that infringes on Plaintiff Terraserver's trademarks. Microsoft's site is specifically directed at users in North Carolina (and in fact at users in all 50 states), and is easily accessible as a matter of course from any computer in North Carolina connected to the Internet. Thus, the Microsoft defendants have sufficient minimum contacts with this state via the facts set forth above such that the exercise of jurisdiction over them by this Court is fundamentally fair.

8. Upon information and belief, Microsoft engaged in various acts in North Carolina and in this District that are a substantial part of the events giving rise to this action. Specifically, but without limitation, Microsoft's "Terraserver-usa" satellite imagery website is easily accessed by anyone residing in this district, and is specifically directed at users here. Therefore, venue is also proper under 28 U.S.C. §§ 1391.

**PLAINTIFF TERRASERVER'S OWNERSHIP OF TRADEMARK RIGHTS**

9. Plaintiff Terraserver reallages and incorporates paragraphs 1 through 8 above.

10. Plaintiff Terraserver's trademarks at issue in this case are derived from work that began in the mid to late 1990s. Terraserver's predecessor in interest, Aerial Images, Inc. worked with Microsoft and Compaq to develop a website database of worldwide satellite imagery. Essentially, Aerial Images, Inc. acquired and provided the satellite imagery, with Microsoft and Compaq providing the hardware and software. At all times, Aerial Images, Inc. Microsoft and Compaq understood and agreed that Aerial Images, Inc. would keep the name "Terraserver." Upon information and belief, Microsoft and Compaq were simply using Aerial Images, Inc.'s name (Terraserver) and imagery to test their hardware and software systems.

11. This website was launched in 1997. From that point forward, Aerial Images, Inc. operated a satellite imagery website and database using the domain name "Terraserver.com."

12. When this arrangement ended sometime in 2000, Microsoft, Compaq and Aerial Images, Inc. again agreed and confirmed that Aerial Images, Inc. would continue to own and use the domain name "Terraserver.com." This is in fact what happened. Aerial Images, Inc. continued to operate the web site with the domain name "Terraserver.com" and hosted a website containing a database of satellite images of the Earth.

13. Thus, since 1997, Aerial Images, Inc., and later its successor, Plaintiff Terraserver, have been actively and extensively engaged in the business of maintaining a website and database of satellite images. Terraserver has marketed and advertised its website nationally, such that its domain name and its word and service marks have come to be recognized in the marketplace as a source identifier for Terraserver and as the trademark and trade dress of Terraserver. Terraserver and its predecessors have spent substantial resources in developing a secondary meaning in the word "Terraserver," and in having that word uniquely identified with Terraserver.

14. Moreover, Plaintiff Terraserver holds valid trademarks from the United States Patent and Trademark Office in the names of "Terraserver.com" and "Terraserver-usa.com" as is set forth in more detail below.

15. By way of background, Aerial Images, Inc. (Terraserver's predecessor in interest) first filed a trademark application on March 9, 1998 for the word mark "Terra Server." In accordance with their agreement that Aerial Images, Inc. would own the rights to the name, Microsoft and Compaq did not challenge this application. Registration of this word mark was granted on March 21, 2000, and was described as "computer services, namely providing a database featuring photographic images and geographic information." Since Aerial Images, Inc. and its successors ultimately came to use the domain name "Terraserver.com" rather than "Terra

Server," Terraserver.com (Aerial Images Inc.'s successor in interest) cancelled this mark on December 23, 2006.

16. Several years prior to cancelling the "Terra Server" mark, Plaintiff Terraserver, as successor in interest to Aerial Images, Inc., filed two additional trademark applications to protect its trade dress and marks, both of which are still active. On July 21, 2003, Plaintiff Terraserver filed an application for the word mark "Terraserver," and registration was granted on December 21, 2004. This word mark is described as "a computer database available through an internet website that provides photographic images and geographic imagery obtained from satellites." This trademark is still registered and valid, and Plaintiff Terraserver continues to conduct its operations using it. It bears the registration no. 2912286.

17. Next, on December 16, 2003, Plaintiff Terraserver filed a second trademark application for the character mark "Terraserver-usa." Registration for this mark was granted to Terraserver on June 13, 2006. This mark is described as "displaying the satellite and aerial images of others on a computer server." This trademark is still registered and valid and Plaintiff Terraserver continues to conduct its operations using it. It bears registration no. 3104389.

18. It is these two marks – nos. 2912286 and 3104389 -- that the Defendants are infringing.

**DEFENDANTS' ACTS OF INFRINGEMENT**

19. Plaintiff Terraserer realleges and incorporates paragraphs 1 through 18 above.

20. Upon information and belief, beginning sometime in the summer of 2003, the Defendants (collectively, Microsoft) set up and began operating a website with the domain name "Terraserver-usa.com." The Defendants did so knowing full well that (a) Aerial Images, Inc. and

its successors had been operating a site called "Terraserver" since 1997 and (b) Aerial Images, Inc. and its successors owned that name per the previous agreement with Compaq and Microsoft.

21.     In using this domain name, which infringes on Plaintiff Terraserver's valid trademarks and trade dress, Microsoft has created substantial actual confusion between its website, and Plaintiff Terraserver's trademarks.  Plaintiff Terraserver has lost significant revenue and website traffic as a result of Microsoft's misappropriation of Terraserver's marks.

22.     Additionally, Microsoft has (a) benefited from the promotion, advertisement, production, distribution, and/or sale of products incorporating Terraserver's intellectual property, (b) promoted, advertised, produced, distributed, and/or sold products and services incorporating Terraserver's intellectual property under the false and misleading representation that such intellectual property was created by Microsoft, and/or (c) traded on the goodwill inuring to Terraserver by promoting, advertising, producing, distributing, and/or selling products and services that infringe the intellectual property rights of Plaintiff Terraserver.

## FIRST CLAIM FOR RELIEF:
## TRADEMARK INFRINGEMENT, DILUTION, PASSING OFF AND UNFAIR COMPETITION

23.     Plaintiff Terraserer realleges and incorporates paragraphs 1 through 22 above.

24.     Microsoft is operating a website using a domain name identical to the registered trademarks of Plaintiff Terraserver, and which incorporates Plaintiff Terraserver's intellectual property.  Microsoft's use constitutes a false and/or misleading designation of origin, and/or a false or misleading representation that Microsoft's services and website originate from, are sponsored by, or are connected with Terraserver.  Terraserver's use of these marks has been, through its own use and that of its predecessors, continuous since at least 1997.

25. On numerous occasions, Terraserver has demanded that Microsoft stop the use of its registered marks. Despite this, Microsoft has failed to and continues to refuse to change its infringing domain name. Microsoft's continued use of Terraserver's marks has therefore being knowing, willful and intentional.

26. Microsoft's continuing use of the domain name "Terraserver-usa.com" is likely to cause, and has caused, confusion, mistake, or deception as to the affiliation, connection, or association of Microsoft with Terraserver, and as to the origin, sponsorship, or approval of Microsoft's website by Terraserver. It has further diluted the value of the marks to Terraserver.

27. While in no way exclusive, there are at least two examples of this actual confusion caused by Microsoft's actions. First, the Wikipedia entry for Terraserver specifically notes that "[b]ecause of the name similarity [with Microsoft's website] there exists a lot of user confusion between the two sites." Moreover, the United States Patent and Trademark Office (the "PTO") itself recognized the similarity between (and potential for confusion) between Terraserver's marks and Microsoft's website. When Terraserver applied for the "Terraserver-usa.com" trademark, the PTO initially refused to issue the registration due to its similarity to Terraserver's existing "Terraserver" mark. Only after counsel for Terraserver informed the PTO that Terraserver already owned the existing "Terraserver" mark did the PTO issue the registration for the "Terraserver-usa" mark.

28. The foregoing acts of Microsoft constitute trademark infringement, dilution, passing off, false designation of origin, false advertising unfair competition and violate Sections 32(1), 43(a) and 43(c) of the Lanham Act.

29. Microsoft has profited as a result of its actions, and has caused Terraserver to suffer damages, and to continue to suffer damages and costs, in an amount to be proven at trial.

30. Unless enjoined by this Court, Microsoft will continue its acts of infringement and unfair competition causing continuing, significant and irreparable damage to Terraserver and its marks.

31. Terraserver has no adequate remedy at law because of the confusion likely to be caused in the marketplace by Microsoft's wrongful use of Terraserver's marks. Terraserver is therefore entitled to a preliminary and permanent injunction prohibiting Microsoft from continuing to infringe on Terraserver's marks.

**SECOND CLAIM FOR RELIEF: UNFAIR AND DECEPTIVE TRADE PRACTICES IN VIOLATION OF CHAPTER 75 OF THE NORTH CAROLINA GENERAL STATUTES**

32. Plaintiff Terraserver realleges and incorporates paragraphs 1 through 31 above.

33. Microsoft's acts set forth above were committed in commerce as that term is defined in Chapter 75 of the North Carolina General Statutes. Additionally, they are unfair and deceptive trade practices, again as that term is defined in Chapter 75 of the North Carolina General Statutes.

34. As a result, Terraserver is entitled to recover all damages and costs incurred as a result of Microsoft's unfair and deceptive acts, with those damages then being trebled. Moreover, Microsoft has unreasonably refused to resolve this matter after being given the opportunity to do so by Terraserver. Terraserver is therefore entitled to recover its attorney's fees as well.

**JURY DEMAND**

Plaintiff demands a jury trial of all matters so triable, raised in this Complaint.

**RELIEF REQUESTED**

WHEREFORE, Plaintiff requests the Court to enter a judgment:

1. That Defendants infringed Plaintiff's trademark rights in the Subject Mark;

2. That Defendants' infringement was willful;

3. That Defendants engaged in unfair competition;

4. That Defendants engaged in unfair and deceptive trade practices;

5. That the Defendants be preliminarily and permanently enjoined from further infringement of Plaintiff's trademarks;

6. That the Court award Plaintiff actual or statutory damages, in an amount to be determined at trial;

7. That the Court award treble damages, pursuant to 15 U.S.C. § 1117(a);

8. That the Court award Plaintiff its reasonable attorneys' fees and costs as permitted by applicable law, including under 15 U.S.C. § 1117(a) and 17 U.S.C. § 505;

9. That the Court award Plaintiff treble damages, pursuant to Chapter 75 of the North Carolina General Statutes.

10. That a trial by jury be had on all issues so triable; and

11. For such other and further relief as the Court may deem just and proper.

Respectfully submitted this ____ day of May, 2008.

MOORE & VAN ALLEN PLLC

/s/ Jeffrey M. Young
David E. Fox (N.C. State Bar No. 10332)
Jeffrey M. Young (N.C. State Bar No. 21319)
430 Davis Drive, Suite 500
P.O. Box 13706
Research Triangle Park, North Carolina 27709
Telephone: (919) 286-8000

**Attorneys for Plaintiff**